■ LILLIAN MAZZAROLI, Appellant, v G. H. COOK BUILDERS, INC., Respondent.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered December 19, 1991 in Greene County, upon a decision of the court in favor of defendant.

Plaintiff and defendant entered into a written contract on October 14, 1987 requiring defendant, a building contractor, to construct a shell of a house for plaintiff in the Town of East Jewett, Greene County. The pertinent provisions of the contract *sub judice* are:

"This project shall be done in phases with each phase governed by separate and distinct contracts. This Proposal and Contract shall govern the following stages of what shall be considered Phase I:

"1. Excavation of foundation: including placement of drainage pipes around foundation, placement creek-run gravel within *[sic]* the area of the foundation footings as well as around the perimeter of the foundation, and the backfilling and final grading of the foundation.

"2. The construction of footings and foundation as specified in the following Agreement under Specifications.

"3. Framing of structure.

"4. Installation of windows and exterior doors.

"5. Application of air infiltration barrier and siding on exterior walls, along with underlayment, drip-edge and shingles on the roof."

The contract further provided that all work was to be performed in accordance with the plans designed by the architect, Fred Calabrese, that any changes, alterations or modifications were to be in writing and signed by the parties, and that plaintiff was to pay defendant $60,000 for the Phase I work. Plaintiff actually paid defendant $65,520 for the Phase I construction. The additional $5,520 was for siding costs.

Plaintiff sued defendant for breach of contract alleging substandard work and failings in the Phase I construction of the house. Defendant counterclaimed in its answer for damages and lost profits. Supreme Court rendered a decision, after a nonjury trial of the issues, finding that plaintiff had failed to establish that the house was improperly constructed and that the total amount of money paid to date by plaintiff did not

reflect any profit for Phase I work on the house.* The court found that defendant was entitled to $15,000, representing the difference between moneys expended by defendant for labor and material on Phase I (approximately $91,000) and the total amount paid by plaintiff, and $15,000 in lost profits. From this $30,000 award to defendant, the court allowed a $3,000 credit to plaintiff (for installation of an improper vapor barrier and floor joists) and a $1,000 credit to defendant (for installation of bathroom fixtures), for a final award to defendant of $28,000 plus interest.

Review of the trial record indicates that the contract between the parties was clear, complete and unambiguous, and for that reason should be enforced according to its terms (see, W. W. W. Assocs. v Giancontieri, 77 NY2d 157, 162-163). The contract provided that defendant was to construct Phase I in accordance with the plans and specifications of the architect. There was ample evidence from the testimony of Michael Altschuler, an architect and plaintiff's expert witness, that defendant did not complete Phase I according to those plans and specifications. Altschuler detailed the items of work which were performed defectively. Defendant's breach was clearly established and Supreme Court erred in finding otherwise. The judgment must therefore be reversed and the matter remitted for a new trial to establish plaintiff's damages.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and matter remitted to the Supreme Court for a new trial as to plaintiff's damages.

---

* Plaintiff had apparently paid a total amount of $76,298 to defendant, which included $10,778 for sitework prior to construction of Phase I and the $65,520 already discussed.